1808

M'Coy
vs
Swan

the complainants be dismissed, and the defendant be dismissed, but without costs.

From which decree the complainants appealed to this court. And the case was argued before CHASE, Ch. J. NICHOLSON, and GANTT, J. by

Martin, for the Appellants; and by
Harper, for the Appellee.

THE COURT Reversed the decree of the court of chancery, and decreed that the appellee convey the land in question to the appellants, in fee simple, and pay to them all the costs in the court of chancery, and in this court, and all the costs incurred by Davis at law in defending the action of ejectment prosecuted against him by the appellee, and that the appellee restore the possession of the land to the appellants. Also that an account be taken of the principal money and interest paid by the appellee for the land, at the respective times he paid the same, and that the appellants be charged therewith; and that an account also be taken of the rents and profits of the land, which have accrued and been received by the appellee since he took possession thereof; and in stating the account between the parties, the appellee be charged therewith at the respective times he received the same, with legal interest thereon; and that the balance of the money which may be due, on the adjustment of the said account, be paid to the party to whom it shall be due, whether appellants or appellee, at the time the appellee shall convey the land. And that the chancellor make all necessary rules and orders for having this decree carried into full and complete effect.

DECREE REVERSED.

DECEMBER.

An administrator may issue an attachment or warrant under the act of 1795, ch 56.

M'COY, Garn. of KINGLA, vs. SWAN's Adm'x.

APPEAL from Washington County Court. This was an attachment on warrant under the act of 1795, ch. 56; and the affidavit, on which the warrant was granted, was made by the administratrix, stating that Kingla, (the original defendant,) was bona fide indebted to her, as administratrix, on two promissory notes drawn by Kingla, and

payable to her intestate, or order, &c. The attachment was laid in the hands of *M‘Coy*, (the appellant,) who appeared, and moved that the proceedings on the attachment might be quashed. But the county court refused to grant the motion, and judgment of condemnation was rendered, &c. From that judgment this appeal was prosecuted.

The case was submitted to the court without argument.

*T. Buchanan*, for the Appellant.
*Hughes*, for the Appellee.

JUDGMENT AFFIRMED.

1808.

Davis
vs
Wilson

---

### Davis vs. Wilson, *et al.*

APPEAL from the County Court of *Baltimore*. The record in this case contained a *bill of exceptions*, tendered to the associate justices of the county court by the defendant, (the appellant,) and which was signed, but not *sealed*, by the justices.

*W. Dorsey* and *Brice*, for the Appellant, contended, that there was a material variance between the writ and the declaration; the former being in the names of *William Wilson*, and others, and the latter in that of *William Wilson* alone.

They were proceeding to argue the points raised on the *bill of exceptions*, when it was discovered that it had not been sealed, as before stated.

THE COURT were about to reverse the judgment on the *form of proceedings*, and to award a *procedendo*, when

*W. Dorsey* contended, that a *procedendo* ought not to be awarded in a case where the court do not reverse on a bill of exceptions.

THE COURT considered that there was no *bill of exceptions* in the case, the seals of the justices not being affixed thereto; but there was error in the form of proceeding, and reversed the judgment without awarding a *procedendo*.

JUDGMENT REVERSED.

DECEMBER.

A paper certified in a record transmitted on appeal, purporting to be a bill of exceptions taken at the trial, was held not to be a bill of exceptions in the case, it not appearing that the seals of the judges of the court below had been affixed to it.

The court of appeals having reversed a judgment of the court below, on the form of proceeding, there being a material variance between the writ and the declaration refused to remit the record with a *procedendo*.